UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Soo Line Railroad Company,
a Minnesota corporation,

Plaintiff,

vs.

Ashland Inc.,
a Kentucky corporation,
and Murphy Oil USA, Inc.,
f/k/a Murphy Corporation,
a Delaware corporation,

Defendants.

Civil No. 01-1628 (ADM/AJB)

**STIPULATED PROTECTIVE ORDER RELATING TO CONFIDENTIAL INFORMATION**

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action, through their respective undersigned attorneys, hereby stipulate and agree to the entry of this Stipulated Protective Order to prevent disclosure of confidential information.

1. This Stipulated Protective Order shall apply to all materials or information produced or disclosed during the course of discovery in this action, all information derived therefrom, and all copies, excerpts, or summaries thereof, including, without limitation, documents, answers to requests for admission, answers to interrogatories, and deposition testimony or transcripts, whether produced in response to a formal discovery request made under Rules 26 – 36 of the Federal Rules of Civil Procedure, a subpoena, an informal letter request, or otherwise (hereinafter referred to collectively as "discovery materials").

FILED JUL 08 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Any party may from time to time designate as "CONFIDENTIAL" any discovery materials that it deems, in good faith, to contain information constituting, or relating to, a trade secret or other confidential research, development, commercial, or non-public information, regardless of who produced or furnished such information (discovery materials so designated are hereinafter referred to collectively as "Confidential Information").

3. All Confidential Information produced by the parties shall be considered proprietary and confidential; it shall be used only for the purpose of this action (including appeals), and not for any other purpose whatsoever; it shall be disclosed only in accordance with the provisions of this Stipulated Protective Order; and it shall be disclosed only to the following persons for purposes related to this action:

(a) The parties' counsel of record or in-house counsel;

(b) Paralegals, secretaries, and other support staff regularly employed by counsel of record or by in-house counsel;

(c) Officers, directors, and employees of a party, to the extent reasonably necessary to assist counsel in this action;

(d) Outside experts or consultants retained for purposes of this action. Such experts or consultants shall agree to be bound by the terms of this Stipulated Protective Order to the same extent as if they were a party to the action. No outside expert or consultant shall review any Confidential Information until he or she has first signed an Agreement to be Bound by Terms of Stipulated Protective Order in the form attached hereto as Exhibit 1. The parties shall each maintain a list of the outside experts and

consultants to whom they disclose Confidential Information pursuant to this Stipulated Protective Order, together with the signed Agreements of the experts or consultants in the form attached as Exhibit 1 and reasonable descriptions of the nature and extent of the Confidential Information disclosed, which list need not be disclosed to any other party during the course of active litigation in this action (including appeals), without prior Court order for good cause shown. However, such list shall be made available to opposing counsel within sixty (60) days after final conclusion of this action;

(e) Deponents, witnesses, or other persons connected with the producing party and to whom such Confidential Information directly pertains;

(f) The Court and Court personnel in accordance with the procedures set forth in paragraph 7 below; and

(g) Stenographic reporters and/or videographers engaged for depositions or other proceedings necessary for the conduct of this action.

4. To the extent feasible, all Confidential Information shall be designated and stamped or otherwise conspicuously marked "CONFIDENTIAL" prior to production. However, inadvertent failure to so designate materials at the time of production shall not constitute a waiver of the confidential nature of such materials, and may be remedied by written notice to all parties at any time; materials so designated shall thereafter be fully subject to protection as Confidential Information.

5. In the case of deposition testimony, the designation of portions of the transcript as "CONFIDENTIAL" shall be made on the record at the deposition or by written notice to all parties and to the stenographer/videographer who recorded the deposition within thirty (30) days after the transcript has been received by counsel for the deponent. During the initial thirty (30) day period, the entire transcript shall be treated as "CONFIDENTIAL." In the event that a party inadvertently fails to so designate any confidential deposition testimony, such designation can subsequently be made by notifying all other parties and the stenographer/videographer who recoded the deposition in writing as soon as practicable.

6. Stenographic reporters and videographers are prohibited from releasing any deposition transcript or recording to third parties without the prior written consent of counsel for the deponent, and they shall be so instructed when recording any deposition.

7. All Confidential Information submitted to or filed with Court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such Confidential Information shall only be available to the Court and persons authorized by this Stipulated Protective Order. The party making such a submittal or filing shall segregate all court papers or documents containing Confidential Information in separate sealed envelopes on which shall be endorsed the caption of this action, a designation of "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope contains documents that are subject to a Protective Order entered by this Court to govern the use of Confidential Information. This envelope shall not be opened or the contents thereof displayed or revealed except by permission of the Court.

All material so submitted or filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court.

8. This Stipulated Protective Order shall not prevent any Confidential Information from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

9. No party may disclose Confidential Information to any person other than those authorized under paragraph 3 above, unless it first secures the written consent of the producing party or obtains, with respect to the particular Confidential Information at issue, relief from the Court upon motion and with notice to all parties.

10. Within sixty (60) days after the final conclusion of this action (including appeals), all Confidential Information shall be returned to the producing party, and all excerpts and summaries thereof shall be destroyed. However, counsel of record need not destroy attorney work product (such as pleadings, briefs, or legal research memoranda) that incorporate Confidential Information, so long as such work product is labeled as "CONFIDENTIAL" and is maintained in their files in accordance with the terms of this Stipulated Protective Order.

11. The prohibitions of this Stipulated Protective Order which restrict the disclosure and use of Confidential Information shall continue to be binding after the conclusion of this action.

12. Acceptance by a party of Confidential Information or of any material designated as "CONFIDENTIAL" shall not be construed as an admission that such materials actually constitute, or relate to, a trade secret or other confidential research, development, commercial or nonpublic information.

13. Any party may hereafter apply to the Court for relief from this Stipulated Protective Order, for the removal of the "CONFIDENTIAL" designation from any discovery materials or portions thereof, or for further protection of confidential discovery materials, and the burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26(c) the Federal Rules of Civil Procedure and the applicable case law. This Stipulated Protective Order is without prejudice to the rights of any party to object to the production of documents or information it considers to be privileged.

14. Nothing in this Stipulated Protective Order shall restrict the use or disclosure by any party of its own confidential discovery materials.

15. Third parties from whom discovery in this action is sought by subpoena or otherwise, and who in good faith wish to protect trade secrets or other confidential research, development, commercial, or nonpublic information by designating it as "CONFIDENTIAL," may be allowed to join as additional parties to this Stipulated Protective Order by executing, along with all of the named parties to this action, a Joinder in Stipulated Protective Order in the form attached hereto as Exhibit 2.

Dated: June 5, 2002

James G. Bullard (#123249)
Ilsley Daniel Colton (#223116)

LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Tel: (612) 335-1500

**ATTORNEYS FOR PLAINTIFF**
**SOO LINE RAILROAD COMPANY**

Dated: June 14, 2002.

Delmar R. Ehrich (#148660)
Eric E. Jorstad (#216987)
Christin Eaton Garcia (#228795)
Elizabeth H. Schmiesing (#229258)

FAEGRE & BENSON, L.L.P.
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Tel: (612) 766-7000

**ATTORNEYS FOR DEFENDANT ASHLAND INC.**

Dated: ~~June~~ July 1, 2002.

Michael S. Ryan (#130643)
Katherine E. Becker (#279146)

MURNANE, CONLIN, WHITE & BRANDT
1800 Piper Jaffray Plaza
444 Cedar Street
St. Paul, Minnesota 55101
Tel: (651) 227-9411

**ATTORNEYS FOR DEFENDANT MURPHY OIL USA, INC.**

**IT IS SO ORDERED.**

Dated: 7/5/02

Arthur J. Boylan
United States Magistrate Judge

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Soo Line Railroad Company,
a Minnesota corporation,

Plaintiff,

vs.

Ashland Inc.,
a Kentucky corporation,
and Murphy Oil USA, Inc.,
f/k/a Murphy Corporation,
a Delaware corporation,

Defendants.

Civil No. 01-1628 (ADM/AJB)

**AGREEMENT TO BE BOUND BY TERMS OF STIPULATED PROTECTIVE ORDER**

---

I, the undersigned, have read the foregoing Stipulated Protective Order Relating to Confidential Information, and I understand and agree to be bound by its terms. I further understand that I am submitting to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing the Stipulated Protective Order Relating to Confidential Information, and that any violation of its terms may constitute contempt of court. I have signed this Agreement on my own behalf, and, in addition, if I have signed on behalf of a represented organization as indicated below, then I am also signing on behalf of the organization, and I hereby state that I have authority to sign on behalf of, and to bind, the organization indicated.

Dated: ___________, 200__

| | |
|---|---|
| ______________________________ | ______________________________ |
| (Individual Signature) | (Represented Organization, If Any) |
| ______________________________ | ______________________________ |
| (Printed Name & Address) | (Position with Represented Organization) |
| ______________________________ | ______________________________ |
| (Affiliation with Case) | (Signature for Represented Organization) |

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Soo Line Railroad Company,
a Minnesota corporation,

Plaintiff,

vs.

Ashland Inc.,
a Kentucky corporation,
and Murphy Oil USA, Inc.,
f/k/a Murphy Corporation,
a Delaware corporation,

Defendants.

Civil No. 01-1628 (ADM/AJB)

**JOINDER IN STIPULATED PROTECTIVE ORDER**

---

WHEREAS, ________________________ is a party from whom discovery is being sought in this action;

WHEREAS, ________________________ believes in good faith that the discovery being sought includes trade secrets or other confidential research, development, commercial, or nonpublic information;

WHEREAS, ________________________ wishes in good faith to protect its trade secrets or other confidential research, development, commercial, or nonpublic information by designating it as "CONFIDENTIAL" under the terms of the attached Stipulated Protective Order Relating to Confidential Information; and

WHEREAS, the named parties to this action, through their respective undersigned attorneys, are willing to extend the protections of the attached Stipulated Protective Order

Relating to Confidential Information to on the same terms as if it were a signatory thereto;

NOW THEREFORE, it is stipulated and agreed by and between ____________________ and the named parties to this action that _________________________ may join the Stipulated Protective Order Relating to Confidential Information attached hereto as Exhibit A on the following terms:

1. _________________________ shall be deemed an additional party to the Stipulated Protective Order Relating to Confidential Information as if it were a signatory thereto, and it is fully entitled to the protections and is subject to the obligations thereof.

2. _________________________ hereby submits to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing the Stipulated Protective Order Relating to Confidential Information or releasing any party from the obligations thereof.

3. The person who has signed this Joinder in Stipulated Protective Order on behalf of _________________________ has full authority to do so and to bind _________________________ to the terms of this Joinder in Stipulated Protective Order.

Effective as of __________, 200__.

____________________________
(Name of Party Joining)

By _________________________
Its _________________________

____________________________
(Name of Joining Party's Attorney)

____________________________
(Name of Law Firm)

____________________________
(Address of Law Firm)

____________________________
(Telephone for Law Firm)

ATTORNEYS FOR _______________

Dated: ___________, 200__

___________________________________

James G. Bullard (#123249)
Ilsley Daniel Colton (#223116)

LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Tel: (612) 335-1500

**ATTORNEYS FOR PLAINTIFF SOO LINE RAILROAD COMPANY**

Dated: ___________, 200__

___________________________________

Delmar R. Ehrich (#148660)
Eric E. Jorstad (#216987)
Christin Eaton Garcia (#228795)
Elizabeth H. Schmiesing (#229258)

FAEGRE & BENSON, L.L.P.
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Tel: (612) 766-7000

**ATTORNEYS FOR DEFENDANT ASHLAND INC.**

Dated: ___________, 200__

___________________________________

Michael S. Ryan (#130643)
Katherine E. Becker (#279146)

MURNANE, CONLIN, WHITE & BRANDT
1800 Piper Jaffray Plaza
444 Cedar Street
St. Paul, Minnesota 55101
Tel: (651) 227-9411

**ATTORNEYS FOR DEFENDANT MURPHY OIL USA, INC.**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.