UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Soo Line Railroad Company,
a Minnesota corporation,

Plaintiff,

vs.

Ashland Inc.,
a Kentucky corporation,
and Murphy Oil USA, Inc.,
f/k/a Murphy Corporation,
a Delaware corporation,

Defendants.

Civil No. 01-1628 (ADM/AJB)

**STIPULATED PROTECTIVE ORDER REGARDING BRUCE GALER**

---

Plaintiff Soo Line Railroad Company ("Soo Line") and defendant Ashland, Inc. ("Ashland") hereby stipulate and agree as follows pursuant to Rules 26(b) and 26(c) of the Federal Rules of Civil Procedure:

**WHEREAS,** Bruce Galer ("Galer") is currently employed by URS Corporation ("URS"), an environmental engineering and consulting firm that Ashland has retained to assist it in, among other things, the litigation and preparation for trial of this action;

**WHEREAS,** Galer was formerly employed by IT Corporation ("IT"), an environmental engineering and consulting firm which at the time was under contract with Soo Line to assist it in, among other confidential matters, the litigation and preparation for trial of this action. In fact, while employed by IT, Galer was directly involved in work relating to Soo Line's Shoreham Facility and the sites leased to defendants Ashland and Murphy which are at issue in this action;

FILED JUL 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2233992v1

**WHEREAS,** Ashland wishes to continue to use URS, but not Galer, as a consultant in connection with this action, and Ashland represents that it has not, and will not, communicate with Galer in any way regarding his work for Soo Line while earlier employed by IT; and

**WHEREAS,** this Stipulated Protective Order Regarding Bruce Galer ("Order") is necessary to (1) protect the confidentiality of Soo Line's work product and litigation and trial preparation information as provided for by Rule 26(b) of the Federal Rules of Civil Procedure, and (2) allow Ashland to continue to use URS, but not Galer, as a consultant in connection with this action;

**NOW, THEREFORE,** Soo Line and Ashland, through their undersigned counsel and pursuant to Rules 26(b) and 26(c) of the Federal Rules of Civil Procedure, hereby agree to the following terms upon which Ashland may continue to use URS, but not Galer, as a consultant in connection with this action:

1. The following terms shall have the meanings ascribed to them for purposes of this Order:

a. "<u>Soo Line Information</u>" shall mean any and all information, in any form whatsoever (e.g., document, electronic, or memory), that Galer obtained, directly or indirectly, during his employment with IT that relates in any way to this action, to the Shoreham Facility, or to the sites leased to defendants Ashland and Murphy Oil USA.

b. "<u>Defendants</u>" shall mean defendant Ashland, defendant Murphy Oil USA, and their respective attorneys.

c. "<u>Related Persons</u>" shall mean members, partners, affiliates, parents, subsidiaries, divisions, related entities, predecessors, successors and assigns, employees,

agents, consultants, and independent contractors of Defendants (including, without limitation, any person or entity retained to assist Defendants in this action), and each and all of their respective past, present, and future directors, officers, shareholders, partners, employees, agents, and representatives.

d. "Litigation Work" shall mean any and all litigation work or support, trial preparation, and/or trial work performed by Defendants and/or their Related Persons, individually or collectively, in connection with this action.

2. Galer shall not, directly or indirectly:

a. Act as a consultant to Defendants in this action, participate in Litigation Work, or otherwise participate in or play any role in assisting Defendants or their Related Persons in this action.

b. Communicate in any way with Defendants or their Related Persons about Soo Line Information, any Litigation Work, or this action.

c. Exhibit or make available to Defendants or their Related Persons any Soo Line Information.

3. Ashland and its Related Parties shall not, directly or indirectly:

a. Use or attempt to use Galer as a consultant in this action.

b. Communicate with Galer about Soo Line Information, any Litigation Work, or this action.

c. Exhibit or make available to Galer any Litigation Work.

d. Use or attempt to use any Soo Line Information that may be obtained, even inadvertently, from Galer.

4. Galer shall review the Agreement to Abide by Stipulated Protective Order attached hereto as Exhibit A, and shall sign it in the presence of a notary public. The original of such signed agreement shall be filed with the Clerk of Court and served on Soo Line.

5. URS shall also review the Agreement to Abide by Stipulated Protective Order attached hereto as Exhibit A, and shall sign it in the presence of a notary public. The original of such signed agreement shall be filed with the Clerk of Court and served on Soo Line.

6. Ashland shall retain the right (a), by interrogatories directed to Soo Line, to seek foundational information regarding Galer's possible role as a fact witness, and (b), by motion to the Court, to modify this Order and seek discovery of facts known or opinions held by Galer pursuant to Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure or as may otherwise be permitted by the Federal Rules of Civil Procedure, with Ashland bearing the burden of proof regarding the basis and need for such discovery, including a showing under Rule 26(b)(2) of the Federal Rules of Civil Procedure that the likely benefits of such discovery are not outweighed by its burdens or expense and that the discovery is not obtainable from some other source that is more convenient, less burdensome, or less expensive.

7. This Order, insofar as it restricts the communication and use of Soo Line Information, shall continue to be binding throughout and after the conclusion of this action, including any appeals.

Dated: July 2 2002

James G. Bullard (#123249)
Ilsley Daniel Colton (#223116)

LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Tel: (612) 335-1500

ATTORNEYS FOR PLAINTIFF
SOO LINE RAILROAD COMPANY

Dated: July 15, 2002

Delmar R. Ehrich (#148660)
Eric E. Jorstad (#216987)
Christin Eaton Garcia (#228795)
Elizabeth H. Schmiesing (#229258)

FAEGRE & BENSON, L.L.P.
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Tel: (612) 766-7000

ATTORNEYS FOR DEFENDANT
ASHLAND, INC.

# ORDER

The above Stipulated Protective Order Regarding Bruce Galer is hereby approved, and **IT IS SO ORDERED.**

BY THE COURT:

Dated: July 23, 2002

Arthur J. Boylan
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Soo Line Railroad Company,
a Minnesota corporation,

Civil No. 01-1628 (ADM/AJB)

Plaintiff,

vs.

Ashland Inc.,
a Kentucky corporation,
and Murphy Oil USA, Inc.,
f/k/a Murphy Corporation,
a Delaware corporation,

Defendants.

---

## AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

I, the undersigned, have read the foregoing Stipulated Protective Order Regarding Bruce Galer ("Order"), and I understand and agree to abide by its terms. I further understand that any violation of the terms of the foregoing Order shall constitute contempt of court.

DATE: ________, 200_

______________________________
(Signature of individual/entity)

______________________________
(Name and address of individual/entity)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.