**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Soo Line Railroad Company,
a Minnesota corporation,

Plaintiff,

v.

Ashland, Inc., a Kentucky corporation,
and Murphy Oil USA, Inc., f/k/a Murphy
Corporation, a Delaware corporation,

Defendants.

Civil No. 01-1628 ADM/AJB

**ORDER ON MOTIONS TO COMPEL DISCOVERY**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on motions by defendants Ashland, Inc. [Docket No. 34] and Murphy Oil [Docket No. 30] to compel plaintiff Soo Line Railroad to provide answers to interrogatories and to produce documents. Hearing was held on November 27, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Delmar R. Ehrich, Esq., appeared on behalf of defendant Ashland and Edward E. Beckmann, Esq., appeared on behalf of defendant Murphy Oil. James G. Bullard, Esq., and I. Daniel Colton, appeared on behalf of the plaintiff.

Based upon the file and documents contained therein, along with memorandums, affidavits, exhibits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendant Ashland, Inc.'s motion to compel discovery is **granted in part and denied in part** [Docket No. 34].

2. Defendant Murphy Oil USA, Inc.'s motion to compel discovery is **withdrawn in part, granted in part and denied in part** [Docket No. 30].

DEC 1 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

3. Defendant requests for production of plaintiff's electronic litigation database is **granted** as provided herein. Plaintiff does not oppose production of its litigation database in a form in which the organizational structure as constructed by plaintiff has been removed from the litigation database. The Court concludes that raw data available in an electronic form is discoverable though plaintiff's organizational scheme is protected work product. Plaintiff may redact organizational information from the produced material by placement of the data into a generic database and thereafter shall produce the electronically stored information in this generic format. New data shall be entered onto temporary tables which shall be produced as supplemental discovery responses each 120 days thereafter.

The litigation database encompasses materials described in plaintiff's privilege log under Category 9, which are further characterized as computer disks of electronic data deliverables, containing laboratory analytical results. Plaintiff again asserts work product protection but states that the material would be produced upon agreement by defendants to pay its reasonable share of costs relating to creation and maintenance of the electronic litigation database. Defendants' requests for production of Category 9 materials, along with production of the litigation database in a generic organizational structure, are granted on condition that defendants shall pay one half of the total costs incurred by plaintiff in the development of the litigation database. Defendants' one-half share of such costs is in the approximate amount of $150,000.

4. Defendant requests for documents generated in the course of defendant Soo Line's environmental investigations is **granted in part and denied in part** as further provided herein. Requests for underlying information identified in plaintiff's privilege log as Category 3

and described as hand-drawn boring logs and field records, including field activity logs, visual soil classification forms, field data reporting forms, groundwater sample collection logs, well construction data forms, and notes from well testing, and Category 4 field notes of expert consultants, are denied on work product grounds. See Bituminous Cas. Corp. v. Tonka Corp., 140 F.R.D. 381 (D. Minn. 1992).

Plaintiff does not oppose production of Category 8 validation reports prepared by plaintiff's expert consultant if such disclosure is not construed as a waiver of privilege. The motion for production of validation reports is **granted** and mere production of such reports shall not constitute a basis for waiver of privilege with respect to other materials. Production of Category 9 information is conditioned upon cost-sharing as previously addressed in this Order.

5. Defendant requests for material characterized as historical data is **denied**. Defendant Ashland's seeks further responses to its Second Set Interrogatories Nos. 1, 7, 11, and 12 including information relating to the nature, use, storage, and disposal of hazardous waste on Soo Line property, describing activities conducted on the premises, and identifying all persons familiar with claims and defenses in this action and persons having knowledge of waste related activities. Plaintiff asserted objections to the discovery, but provided references to its document productions and interrogatory answers. Plaintiff's responses by references to documents are not improper or insufficient in light of the broad discovery requested in each interrogatory and the burden that compliance would place upon the plaintiff. In addition, plaintiff is not required to "certify" that full inquiry has been undertaken or that all sources of information have been exhausted.

6. Defendant requests for discovery of information relating to use of petroleum

and hazardous materials and disposal of waste by Soo Line and tenants of Soo Line property with respect to property north and west of the diagonal train tracks is **granted in part and denied in part**. Plaintiff opposes the motion, asserting that the requested information is not relevant and cannot reasonably lead to discovery of admissible evidence because the property at issue could not as a matter of science be the source of groundwater contamination in the area subject to this lawsuit, and the property is further set apart by a physical barrier which marks a boundary for differing operational uses of the properties. Plaintiff also contends that the discovery seeks information relating to use of property by tenants with respect to which it has no knowledge or responsibility to obtain the requested material.

Plaintiff Soo Line shall disclose documents, as they relate to the property cited herein, pursuant to defendant Ashland's First Set Document Request Nos. 6 and 7; Second Set Document Request Nos. 7, 8, 9, 10, 11, 12, 13, 14, 16, 24, 26, 27, 43, 44, 45, and 52; and Third Set Document Request Nos 56, 63, 68, and 69. Plaintiff will not be required to provide further responses to First Set Interrogatory No. 12; Second Set Interrogatory Nos. 7, 8, 9, 10, 11, 12, 13, 16, 20, 21, 32, and 33. Required document production shall be limited to documents relating to operations involving petroleum, hazardous substances and waste and shall not include materials pertinent to tenants' operations on the property which were not kept in the course of plaintiff's business and are not in plaintiff's possession.

Dated: 12/11/02

Arthur J. Boylan
United States Magistrate Judge