**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Soo Line Railroad Company,
a Minnesota corporation,

Plaintiff,

v.

Ashland, Inc., a Kentucky corporation,
and Murphy Oil USA, Inc., f/k/a Murphy
Corporation, a Delaware corporation,

Defendants.

Civil No. 01-1628 ADM/AJB

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on motion by plaintiff Soo Line Railroad Company [Docket No. 53] for an order compelling defendant Ashland, Inc. to provide answers to interrogatories and to produce documents. Hearing was held on January 28, 2003, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. James G. Bullard, Esq., and Ilsley Daniel Colton, Esq., appeared on behalf of the plaintiff. Delmar R. Ehrich, Esq., and Eric E. Jorstad, Esq., appeared on behalf of defendant Ashland, Inc. Defendant Murphy Oil USA, Inc. was represented but was not a participant in the present motion to compel discovery.

Based upon the file and documents contained therein, along with memorandums, affidavits, exhibits and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff Soo Line Railroad Company's motion to compel discovery pursuant to its First Request for Production of Documents to Defendant Ashland, Inc., and its First Set of Interrogatories to Defendant Ashland, Inc. is **granted** [Docket No. 53] as specifically provided

FEB 06 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

herein. The interrogatories shall be answered and served by February 27, 2003. The documents subject to this Order shall be produced by March 14, 2003.

2. Plaintiff's motion to compel production of documents pursuant to Document Request No. 6, therein seeking corporate training manuals and policies pertaining to designated subjects and practices, is **granted**. Defendant Ashland's objection to the discovery on grounds that it is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

3. Plaintiff's motion to compel production of documents pursuant to Document Request No. 24, therein seeking materials relating to storage tanks at facilities owned or operated by defendant Ashland, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

4. Plaintiff's motion to compel production of documents pursuant to Document Request No. 31, therein seeking materials relating to Response Actions taken at similar facilities, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

5. Plaintiff's motion to compel production of documents pursuant to Document Request No. 32, therein seeking materials relating to Legal Actions in connection with similar

facilities, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

6. Plaintiff's motion to compel production of documents pursuant to Document Request No. 33, therein seeking materials relating to RCRA permits, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome vague, and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

7. Plaintiff's motion to compel a response to Interrogatory No. 13, therein seeking information relating to similar facilities in Minnesota, including whether the location was ever the subject of a Legal Action or Response Action, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

8. Plaintiff's motion to compel a response to Interrogatory No. 24, therein seeking information relating to similar facilities in the United States which have RCRA or comparable permits, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible

material, with respect to both time and locations, is overruled.

9. Plaintiff's motion to compel a response to Interrogatory No. 25, therein seeking information relating to similar facilities in the United States which have been the subject of a Response Action, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

10. Plaintiff's motion to compel a response to Interrogatory No. 27, therein seeking information relating to similar facilities in the United States which have been the subject of a Legal Action, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

11. Plaintiff's motion to compel a response to Interrogatory No. 33, therein seeking information relating to insurance policies and claims arising out of any Response Action or Legal Action at similar facilities, is **granted**. Defendant Ashland's objection to the discovery on grounds that the request for information concerning similar facilities is overly broad, unduly burdensome, vague and seeks information that is not relevant or reasonably calculated to lead to discovery of admissible material, with respect to both time and locations, is overruled.

Dated: February 6, 2003

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff categorizes the discovery information and materials at issue in this motion as (1) documents relating to storage tank integrity; (2) documents relating to Ashland's nation-wide policies subsequent to 1982; (3) interrogatories and documents relating to defendant Ashland's industrial chemical and solvent facility at Shakopee, Minnesota; and (4) interrogatories and documents relating to similar industrial chemical and solvent facilities operated by defendant Ashland. The thread that runs throughout defendant Ashland's objections is the contention that plaintiff is improperly seeking information involving similar facilities which need not be produced because the materials do not directly bear upon circumstances relating to the Shoreham Yard property during the time it was occupied by Ashland. Plaintiff, on the other hand, argues that the discovery is appropriately directed towards establishing a "track record" or pattern of behavior with respect to tank failures and product leakage, including Ashland's responses to those events.

It is the Court's conclusion that the issue as to whether particular circumstances existing at other industrial chemical and solvent facilities is so dissimilar as to foreclose consideration in this matter is prematurely asserted and relates to the weight to which such evidence is entitled in evaluating defendant's conduct and liability rather than going to fundamental relevance for discovery purposes. Indeed, the Court finds that with respect to discovery the defendant's relevance objection to each of the document and information requests now at issue is without merit, and that the discovery appears reasonably calculated to lead to the discovery of admissible evidence, thereby satisfying the general discovery requirements of Fed. R. Civ. P. 26(b)(1). With respect to the claim that the discovery is unduly burdensome the

parties seem to be guided by the misperception that the number of pages is particularly important to the determination. While it may or may not be true that plaintiff is seeking a significant volume of documents, each of the production demands in this matter appears to seek a reasonably defined and discreet body of materials. In the absence of some indication that the scope of discovery involves a volume of documents and pages that is utterly beyond reason in light of the nature of the case, a discussion of mere page numbers is largely meaningless. Defendant Ashland has certainly not shown to the Court's satisfaction that the burden or expense of the proposed discovery outweighs its likely benefit, particularly when taking into account the needs of the case, the amount of the controversy, the parties' resources, the importance of the issues at stake, and the possible, though yet unknown, important role that the discovery may play in resolving issues in this litigation. Fed. R. Civ. P. 26(b)(2)(iii). The Court finds no grounds to preclude the discovery requested by plaintiff in this motion and the motion is therefore granted.