UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Soo Line Railroad Company,
a Minnesota corporation,

Plaintiff,

vs.

Ashland Inc.,
a Kentucky corporation,
and Murphy Oil USA, Inc.,
f/k/a Murphy Corporation,
a Delaware corporation,

Defendants.

Civil No. 01-1628 (ADM/AJB)

**STIPULATION AND ORDER EXTENDING DEADLINES SET IN THE INITIAL PRETRIAL SCHEDULING ORDER DATED NOVEMBER 21, 2001**

**WHEREAS,** this action was commenced by Plaintiff Soo Line Railroad Company ("Soo Line") in September of 2001 against defendants Ashland Inc. ("Ashland") and Murphy Oil USA, Inc. ("Murphy") just before the parties' Tolling Agreement allowing for pre-suit site characterization expired and before Soo Line was able to complete the characterization;

**WHEREAS,** Soo Line seeks in this action the recovery of cleanup costs and damages associated with the contamination of soils and groundwater at and emanating from that portion of the east side of its Shoreham Facility which was leased by defendants Ashland (and, as asserted by Soo Line, its predecessor-in-interest, Rocket Products) and Murphy ("Lease Sites");

**WHEREAS,** defendants Ashland and Murphy deny any responsibility or liability whatsoever for such contamination; further, Ashland denies it is a successor to Rocket Products;

**WHEREAS,** Ashland and Murphy have asserted counterclaims against Soo Line asserting that Soo Line's operations at the Shoreham Facility caused or contributed to contamination of soil and groundwater at the eastern end of the Shoreham Facility; and further,

MAR 06 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Ashland has asserted a counterclaim that Rocket Products caused or contributed to soil and groundwater contamination;

**WHEREAS,** Soo Line has denied defendants' counterclaims;

**WHEREAS,** during the summer of 2002, following the establishment of the deadlines set forth in the Court's initial Pretrial Scheduling Order dated November 21, 2001 ("Scheduling Order"), Soo Line's understanding of the extent of the contamination at the eastern end of the Shoreham Facility changed with the unexpected discovery of chlorinated solvents contaminating the deep Prairie du Chien/Jordan Aquifer (regarded by the regulatory agencies as one of the most significant drinking water aquifers in the State of Minnesota) at the southeast corner of the Shoreham Facility, and Soo Line believes that the discovery of this deeper contamination will have a significant impact on further environmental characterization work and on the magnitude of Soo Line's cost recovery and damage claims against defendants;

**WHEREAS,** the defendants believe that the discovery of this deeper contamination will have a significant impact on their respective counterclaims against Soo Line;

**WHEREAS**, as a result of this unexpected and significant discovery, Soo Line's experts are unable to prepare opinions in support of Soo Line's cost recovery and damage claims until the nature, extent, and magnitude of the contamination discovered in the deep groundwater system has been adequately characterized;

**WHEREAS,** Ashland and Murphy expect their own environmental experts to conduct extensive investigations of the Shoreham Facility, pursuant to one or more requests for entry under Rule 34, in support of Ashland and Murphy's respective counterclaims against Soo Line and in defense of Soo Line's claims against Ashland and Murphy;

**WHEREAS,** as a prompt response to this discovery, and at the request of the Minnesota Pollution Control Agency, in late 2002 Soo Line developed and commenced implementation of a new field program designed to characterize the contamination discovered in the deep Prairie du Chien/Jordan Aquifer, and Soo Line estimates that it will take at least 16 to 19 months, until late summer 2004, to complete and report on the deep groundwater field program;

**WHEREAS**, based upon the projected completion date for the deep groundwater program, Soo Line raised with the Court in a telephone conference on November 7, 2002, the necessity for a 16- to 19-month extension of the Scheduling Order, and during this conference defendants generally acknowledged the need for some extension;

**WHEREAS**, on November 21, 2002, Soo Line filed a motion seeking a 19-month extension of all the deadlines in the Scheduling Order; defendants filed briefs in opposition to Soo Line's motion, based not on the overall need for an extension of time, but on the relative time periods between some of the interim deadlines, and on the need for additional time to conduct any field work they might deem necessary to rebut the reports of Soo Line's experts, particularly if their rebuttal period involved the winter months when additional field work might be more difficult; and Soo Line filed a reply brief indicating that, given the magnitude and complexity of this action, and the large number of experts each party will likely use, plaintiff and defendants should each get an equivalent amount of time to respond to the others' expert opinions;

**WHEREAS**, on January 28, 2003, the date Soo Line's motion was scheduled to be heard, the parties met in good faith to try and resolve their differences regarding these scheduling issues without the need for a formal hearing;

**WHEREAS,** the parties were successful in resolving their differences regarding these scheduling issues, and they now agree that the extension of the pretrial schedule provided below is the minimum time necessary to allow plaintiff Soo Line and defendants Ashland and Murphy to prepare their respective cases, given the enormity of the field work still remaining to be done at the Property and Lease Sites;

**WHEREAS,** the parties acknowledge that the deadlines for disclosure of expert witness reports may be subject to further extension if necessary field work by the parties is delayed by issues relating to site conditions, site access, or winter weather;

**WHEREAS**, the parties promptly reported to the Court on January 28, 2003, the results of their discussions and their reasons for seeking an extension in the pretrial schedule, and Magistrate Judge Boylan requested that the parties prepare and submit a written stipulation reflecting their agreement and the reasons therefor;

**WHEREAS,** Defendants requested an opportunity to prepare expert replies ("surrebuttal reports") to Plaintiff's experts' rebuttal reports; and Plaintiff agreed to this request on the condition, accepted by Defendants, that the surrebuttal reports will be limited in scope to a reply on Defendants' counterclaims: that is, the surrebuttal reports may only reply to the opinions in Plaintiff's rebuttal expert reports which directly relate to the opinions in Defendants' expert reports that support Defendants' counterclaims;

**WHEREAS**, Defendants requested that, rather than each party being given six months to respond to each parties first set of expert reports, they be given nine and one-half months to respond to Plaintiff's first set of expert reports ("response time"); and Plaintiff agreed to this request on the condition, accepted by Defendants, that with respect to any site investigation work undertaken by any party during Defendants' response, Plaintiff's rebuttal, or Defendants'

surrebuttal time, and notwithstanding any data sharing agreements or arrangements to the contrary, the party undertaking such site investigation work shall have the analytical laboratories it uses make simultaneous delivery of all data reports (e.g., laboratory analyses of chemical and/or physical characteristics of any sampled or in-situ material) to all the parties in an electronic data deliverable form acceptable to each of the parties; and the parties further agree that the cost for any data delivered simultaneously by a lab under the terms of this paragraph will be subject to whatever data cost sharing arrangement is in effect at the time, by agreement or Court Order;

**WHEREAS**, the parties acknowledge that by entering into this Stipulation no party waives its rights to seek additional relief from the Court concerning expert reports, including the right to request permission to file additional or expanded reports;

**NOW, THEREFORE,** it is hereby stipulated and agreed by the parties, through their respective undersigned counsel, that the Scheduling Order shall be amended to provide as follows:

1. Discovery shall be completed by June 15, 2006.

2. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   i. By Plaintiff on or before November 15, 2004.

   ii. By Defendants on or before September 1, 2005.

3. Plaintiff's rebuttal reports shall be disclosed on or before March 1, 2006.

4. Defendants' surrebuttal expert reports shall be disclosed on or before May 1, 2006.

5. All non-dispositive motions (other than those which seek to amend the pleadings or add a party) and supporting documents, including those which relate to discovery, shall be served and filed by July 15, 2006.

6. All dispositive motions shall be served and filed by the parties by October 1, 2006.

7. This case shall be ready for a jury trial on December 15, 2006, or upon resolution of any pending dispositive motions.

Dated: March 5, 2003

James G. Bullard (#123249)
Ilsley Daniel Colton (#223116)

**LEONARD, STREET AND DEINARD**
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: 612-335-1500
Facsimile: 612-335-1657

**ATTORNEYS FOR PLAINTIFF SOO LINE RAILROAD COMPANY**

Dated: March 5, 2003

Delmar R. Ehrich (#148660)
Christin Eaton Garcia (#228795)

**FAEGRE & BENSON LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 612-766-7000
Facsimile: 612-766-1600

**ATTORNEYS FOR DEFENDANT ASHLAND INC.**

5. All non-dispositive motions (other than those which seek to amend the pleadings or add a party) and supporting documents, including those which relate to discovery, shall be served and filed by July 15, 2006.

6. All dispositive motions shall be served and filed by the parties by October 1, 2006.

7. This case shall be ready for a jury trial on December 15, 2006, or upon resolution of any pending dispositive motions.

Dated: March 5, 2003

James G. Bullard (#123249)
Ilsley Daniel Colton (#223116)

**LEONARD, STREET AND DEINARD**
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: 612-335-1500
Facsimile: 612-335-1657

**ATTORNEYS FOR PLAINTIFF SOO LINE RAILROAD COMPANY**

Dated: March 5, 2003

Delmar R. Ehrich (#148660)
Christin Eaton Garcia (#228795)

**FAEGRE & BENSON LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: 612-766-7000
Facsimile: 612-766-1600

**ATTORNEYS FOR DEFENDANT ASHLAND INC.**

Dated: March 5, 2003

Michael S. Ryan (#130643)

**MURNANE, CONLIN, WHITE & BRANDT**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: 651-227-9411
Facsimile: 651-223-5199

**ATTORNEYS FOR DEFENDANT MURPHY OIL**

**ORDER**

For good cause shown, the above Stipulation is hereby approved, and the Pre-Trial Scheduling Order dated November 21, 2001, is hereby amended accordingly.

BY THE COURT:

Dated: 3/6/03

Arthur J. Boylan
United States Magistrate Judge

M1:961905.01