UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Soo Line Railroad Company,
a Minnesota corporation,

Plaintiff,

vs.

Ashland, Inc., a Kentucky corporation, and Murphy Oil USA, Inc., f/k/a Murphy Corporation, a Delaware corporation,

Defendants.

Civil No. 01-1628(ADM/AJB)

**STIPULATION AND ORDER TO EXTEND TIME FOR ASHLAND INC. TO COMPLY WITH THE ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY DATED FEBRUARY 6, 2003**

Plaintiff Soo Line Railroad Company ("Soo Line") and Defendant Ashland, Inc. ("Ashland") hereby stipulate and agree as follows:

**WHEREAS**, by Order dated February 6, 2003 ("Order"), the Court has granted Soo Line's motion to compel discovery and set deadlines for Ashland's responses as follows: (a) interrogatories to be answered and served by February 27, 2003, and (b) documents subject to the Order to be produced by March 14, 2003 ("Original Court Deadlines");

**WHEREAS**, Ashland represents that it has been working diligently to comply with the Order and that its production of "Response Action," "Legal Action" and "RCRA Permit" information is particularly complex and time-consuming given the number, organization, and condition of the responsive documents;

**WHEREAS**, Ashland represents that for the reasons cited above it will be unable fully to comply with the Order within the deadlines set by the Court and that it is committed to fully complying with the Order with reasonable and diligent efforts;

FILED MAR 1 1 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WHEREAS,** Soo has indicated to Ashland that a phased production of the responsive documents (i.e., a "roll-out" of a set number of documents each month), starting May 19, 2003 and ending September 15, 2003, as set forth below, does not appear to pose an unacceptable impact on Soo Line's discovery schedule, provided all the documents are produced pursuant to the schedule set forth below and provided Soo Line is able to prioritize the order in which the documents are produced on a monthly basis (by "production" or "produced" the parties mean that the documents are immediately available for Soo Line to review);

**WHEREAS**, Soo Line is willing to accept the production process and deadlines presented below, which process and deadlines represent a substantial modification of the Original Court Deadlines, on the condition, which Ashland accepts, that if Ashland fails to produce the documents subject to the Order on the schedule provided below it will not object to Soo Line's seeking an extension of the discovery schedule to accommodate Ashland's inability to comply with this stipulation and order;

**WHEREAS**, Ashland represents that it has an existing index ("Ashland Indices") that it will produce on March 14, 2003 relating to the files generated in connection with each response action covered by the Order which will be identified to Soo Line by March 14, 2003;

**WHEREAS**, Soo Line and Ashland both reserve the right to request from the Court modification of, or relief from, this stipulation and order for good cause; and

**WHEREAS**, this stipulation and order modifies only the Original Court Deadlines and nothing else, and Ashland agrees that any information and/or documents otherwise

responsive to the Order which are not expressly provided for in this stipulation and order shall be subject to the Original Court Deadlines.

**NOW, THEREFORE**, Soo Line and Ashland, through their undersigned counsel, hereby agree to the following extension of the Original Court Deadlines upon which Ashland may comply with the Order:

1. Ashland shall answer the following interrogatories as soon as possible, but in no event shall the answers be served on Soo Line any later than:

(a) Shakopee Legal and Response Actions – Paragraph 7 of the Order. Ashland shall serve answers to Soo Line Interrogatory No. 13 on or before March 31, 2003;

(b) Insurance Information – Paragraph 11 of the Order. Ashland shall serve answers to Soo Line Interrogatory No. 33 on or before March 31, 2003.

(c) RCRA Permit Information – Paragraph 8 of the Order. Ashland shall serve answers to Soo Line Interrogatory No. 24 on or before April 18, 2003, as to RCRA Part B permits, and on or before May 16, 2003, as to RCRA Part A permits.

2. Ashland shall produce the following documents as they become available, but in no event shall they be produced to Soo Line any later than:

(a) Corporate Training Manuals and Policies – Paragraph 2 of the Order. Ashland shall produce the Soo Line Document Request No.6 documents on or before March 14, 2003;

(b) Tank Integrity Information – Paragraph 3 of the Order. Ashland shall produce the Soo Line Document Request No. 24 documents on or before March 14,

2003, or if such studies do not exist, descriptive information concerning Ashland's storage tanks' database(s) shall be produced on or before March 31, 2003;

(c) RCRA Permits – Paragraph 6 of the Order. Ashland shall produce the Soo Line Document Request No. 33 documents on or before April 18, 2003, as to RCRA Part B permits, and on or before May 16, 2003, as to RCRA Part A permits;

3. Response Action Information – Paragraphs 4 and 9 of the Order. Ashland shall produce all the response action information requested by Soo Line Interrogatory No. 25, Soo Line Interrogatory No. 8 (from Soo Line's Second Set of Interrogatories), and Soo Line Document Request No. 31 as follows:

(a) On or before March 14, 2003, Ashland shall serve on Soo Line a master document (in index/matrix form) which lists all current and former Ashland IC&S facilities and, with respect to each such facility, presents (either on the master document itself (e.g., the address) or as an easily identifiable attachment (e.g., the indices)) the following information:

i. facility name;

ii. facility address;

iii. date facility began operation;

iv. date facility closed;

v. whether the facility has ever been the subject of a response action (or more than one);

vi. identity of the regulatory agencies (federal, state, and local) that have exerted regulatory oversight in connection with each of the response actions;

vii. the identity of the Ashland employee with primary oversight responsibility for each of the response actions;

viii. all existing indices (including all levels of sub-indices) relating to the files generated in connection with each of the response actions (Ashland Indices); and

ix. a reasonable estimate of the total number of boxes (including "privileged" materials) populating each response action file or files for the facility ("Facility Box Number") (the sum of all the Facility Box Numbers provided on the master document will be the estimated total number of response action boxes of documents subject to the Order, hereinafter "Total Box Number" ("TBN")).

Ashland will supplement this master document (i.e., produce a second version) on or before March 31, 2003, to provide the following additional information:

x. whether Ashland purchased the facility from a third party or started it up on its own;

xi. whether the facility was operated on property owned by Ashland or leased;

xii. the identity of the contact persons at the regulatory agencies that have exerted regulatory oversight in connection with each of the response actions; and

xiii. the location where Ashland will make the documents available for Soo Line review.

Ashland will supplement this master document (i.e., produce a third version) on or before April 15, 2003, to provide the following additional information:

xiv. identity of the hazardous substances in the soil and/or groundwater;

xv. to the extent Ashland has made a determination prior to the date hereof, the cause or alleged cause of the release of the hazardous substances;

xvi. all existing indices (including all levels of sub-indices) created by Ashland's representatives, agents, and/or consultants (e.g., URS) relating to the files they have generated in connection with each of the response actions (Consultant Indices);

xvii. an FBN for each Ashland representative, agent, and/or consultant file generated in connection with each of the response actions; and

xviii. a reasonable estimate of the average number of pages per box populating each response action file or files for the facility (For these purposes, "box" means a full bankers box or an enumerated fraction thereof; e.g., a TBN of 14.5 boxes means: 14 full bankers boxes and one half full bankers box).

(b) Soo Line will use the master document Ashland produces pursuant to Section 3(a) above to identify and prioritize the order in which Ashland will "roll out" the documents and things produced pursuant to Section 3(c) below. Given the importance of the master document in assisting Soo Line prioritize the order of production of the facilities, to the extent there are facilities for which there are no existing Ashland Indices, Ashland shall create and produce an index for each such facility by April 15, 2003, which index will contain the same level of detail that is contained in the indices produced by Ashland on March 14, 2003; provided Ashland is under no obligation to update any existing index or index created hereunder with information discovered by Ashland after the date hereof.

(c) Over the five month production period for response action information, the total number of documents that Ashland will produce each month will be based upon the following calculus: [TBN remaining to be produced (which takes into account Ashland's and its consultants' files)]/[number of months remaining in the five month production sequence] (the need for this calculus arises due to the high likelihood that Ashland may identify more documents as discovery progresses and these new documents need to be factored into the five month roll-out process). On the 20th of each month, starting on March 20, 2003, Ashland will provide Soo Line with an updated FBN for each facility and TBN which will be used in the calculus to determine the number of boxes to be produced in the next production.

Pursuant to Section 3(d) below, Soo Line will identify the order in which Ashland will produce the documents and information. The five production dates are as follows:

i. 1st Production: May 19, 2003

ii. 2nd Production: June 16, 2003

iii. 3rd Production: July 21, 2003

iv. 4th Production: August 18, 2003

v. 5th and Final Production: September 15, 2003 (regardless of how the TBN changes, if at all, Ashland will produce all documents and information subject to the Order on or before this date)

(d) Using the calculus and most recent updated TBN as set forth in Section 3(c), Soo Line will identify for Ashland the order in which it would like the documents, by facility, produced pursuant to Section 3(c) above. Soo Line will provide Ashland with the relevant information taken from the master document (e.g., the facility files it would like produced in the next production), pursuant to the following schedule:

i. 1st Production: April 2, 2003

ii. 2nd Production: May 2, 2003

iii. 3rd Production: June 6, 2003

iv. 4th Production: July 4, 2003

v. 5th and Final Production: August 1, 2003.

4. Legal Action Information – Paragraphs 5 and 10 of the Order. Ashland shall produce all the legal action information requested by Soo Line Interrogatory No. 27 and Soo Line Document Request No. 32 as follows:

(a) On or before March 31, 2003, Ashland shall serve on Soo Line a master document (in index/matrix form) which lists all current and former Ashland IC&S facilities

and, with respect to each such facility, presents (either on the master document itself (e.g., the address) or as an easily identifiable attachment (e.g., the indices)) the following information:

i. facility name;

ii. facility address;

iii. the date each action was commenced;

iv. the state/venue of each legal action

v. the identity of the entity (e.g., person/agency) which asserted each legal action and the case caption and the court file number;

vi alleged basis for each legal action;

vii. the identity of the Ashland employee with primary oversight responsibility for each legal action;

viii. all existing indices (including all levels of sub-indices) relating to the files generated in connection with each legal action;

ix. a reasonable estimate of the total number of boxes (including "privileged" materials) populating each legal action file for the facility ("Facility Box Number") (the sum of all the Facility Box Numbers provided on the master document will be the estimated total number of boxes subject to the Order, hereinafter "Total Box Number" ("TBN"));

x. the location where Ashland will make the documents available for Soo Line review.

(b) Soo Line will use the master document Ashland produces pursuant to Section 4(a) above to identify and prioritize the order in which Ashland will "roll out" the documents and things produced pursuant to Section 4(c) below. Given the importance of the master document in assisting Soo Line prioritize the order of production of the facilities, to the extent there are facilities for which there are no existing Section 4(a)(viii) indices,

Ashland shall create and produce an index for each such facility by April 30, 2003, which indices will contain the same level of detail contained in the indices produced by Ashland on March 31, 2003; provided Ashland is under no obligation to update any existing index or index created hereunder with information discovered by Ashland after the date hereof.

(c) Over the three month production period for legal action information, the total number of documents that Ashland will produce each month will be based upon the following calculus: [TBN remaining to be produced]/[number of months remaining in the three month production sequence] (the need for this calculus arises due to the high likelihood that Ashland may identify more documents as discovery progresses and these new documents need to be factored into the three month roll-out process). On the 1st of each month, starting on April 1, 2003, Ashland will provide Soo Line with an updated FBN for each facility and TBN which will be used in the calculus to determine the number of boxes to be produced in the next production. Pursuant to Section 3(d) below, Soo Line will identify the order in which Ashland will produce the documents and information. The three production dates are as follows:

i. 1st Production: May 19, 2003

ii. 2nd Production: June 16, 2003

iii. 3rd Production: July 21, 2003 (regardless of how the TBN changes, if at all, Ashland will produce all documents and information subject to the Order on or before this date)

(d) Using the calculus and most recent updated TBN set forth in Section 4(c), Soo Line will identify for Ashland the order in which it would like the documents, by facility, produced pursuant to Section 4(c) above. Soo Line will provide Ashland with the relevant information taken from the master document, pursuant to the following schedule:

i. 1st Production: April 11, 2003

ii. 2nd Production: May 9, 2003

iii. 3rd Production: June 13, 2003

Dated: 3/10, 2003

James G. Bullard (#123249)
Ilsley Daniel Colton (#223116)

LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Tel: (612) 335-1500
Fax: (612) 335-1657

ATTORNEYS FOR PLAINTIFF SOO LINE RAILROAD COMPANY

Dated: ______________, 2003

Delmar R. Ehrich (#148660)
Eric E. Jorstad (#216987)
Christin Eaton Garcia (#228795)

FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Tel: (612) 766-7000
Fax: (612) 766-1600

ATTORNEYS FOR DEFENDANT ASHLAND INC.

i. 1st Production: April 11, 2003

ii. 2nd Production: May 9, 2003

iii. 3rd Production: June 13, 2003

Dated: ______________, 2003

James G. Bullard (#123249)
Ilsley Daniel Colton (#223116)

LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Tel: (612) 335-1500
Fax: (612) 335-1657

ATTORNEYS FOR PLAINTIFF SOO LINE RAILROAD COMPANY

Dated: 3/10, 2003

Delmar R. Ehrich (#148660)
Eric E. Jorstad (#216987)
Christin Eaton Garcia (#228795)

FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Tel: (612) 766-7000
Fax: (612) 766-1600

ATTORNEYS FOR DEFENDANT ASHLAND INC.

**ORDER**

The above Stipulation is hereby approved, and **IT IS SO ORDERED**.

BY THE COURT:

**ORDER**

The above Stipulation is hereby approved, and **IT IS SO ORDERED**.

BY THE COURT:

Dated: 3/11, 2003

Arthur J. Boylan
United States Magistrate Judge

M2:20524471.03