IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

Soo Line Railroad Company, a Minnesota corporation,

Plaintiffs,

v.

Ashland Inc., a Kentucky corporation, and Murphy Oil USA, Inc. f/k/a Murphy Corporation, a Delaware corporation,

Defendant.

Case No. CV 01-1628 ADM/AJB

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO: Plaintiff Soo Line Railroad Company, and its attorneys, James G. Bullard and Ilsley Daniel Colton, Leonard, Street and Deinard, P.A., 150 South Fifth Street, Minneapolis, MN 55402.

Defendant Ashland Inc. hereby moves the Court for an order granting partial summary judgment dismissing Counts One through Three, and Five through Fourteen of the Amended Complaint as set forth more fully in the Memorandum of Law in Support of Ashland's Motion for Partial Summary Judgment.

Plaintiff is a party responsible for the costs of a remedial investigation of its rail yard, which abuts Central Avenue in northeast Minneapolis, because plaintiff owns the rail yard, and because plaintiff owned and operated the facility at the time of disposal of hazardous substances. Plaintiff seeks contribution for some of the costs that plaintiff has incurred or may incur from two former tenants on small parcels along Central Avenue, Ashland and Murphy Oil USA, Inc. ("Murphy"). However, the applicable statutes upon which plaintiff relies do not provide a basis for plaintiff to obtain cost recovery from Ashland in this action, either as to past or future costs. And, plaintiff's common law claims are barred by an applicable statute of limitations.

***First***, Counts Two and Three, both of which are based upon Section 113 of the Comprehensive Environmental Response, Contribution and Liability Act ("CERCLA"), 42 U.S.C. § 9613, must be dismissed in view of the December 14, 2004 ruling of the United States Supreme Court in *Cooper Industries, Inc. v. Aviall Services, Inc.,* 125 S.Ct. 577 (2004).

***Second***, Count One, which is based upon CERCLA Section 107, 42 U.S.C. § 9607, must be dismissed because plaintiff is not an "innocent party" within the meaning of the term under any judicially-created exception pertaining to Section 107, and this Court has already ruled that CERCLA Section 107 claims would be available only if some exception applies under Section 107 in favor of plaintiff.

***Third***, Counts Five and Six, which are based upon Section 115B.04 of the Minnesota Environmental Response and Liability Act ("MERLA"), must be dismissed because plaintiff's claims pertain to remedial costs and MERLA does not impose liability upon Ashland for the remedial costs incurred by a private party such as plaintiff.

***Finally***, Counts Seven through Fourteen, plaintiff's state common law and contract claims, must be dismissed because an applicable statute of limitations had expired before plaintiff commenced its action (and before any tolling had taken effect).

This Motion is based upon the Memorandum of Law in Support of Ashland's Motion for Partial Summary Judgment, Affidavit of Laura M. O'Donnell, accompanying evidence filed pursuant to Local Rule 7.1, argument to be presented at or before the hearing, and all of the files, records and proceedings herein.

Dated: March 25, 2005

**GREENE ESPEL, P.L.L.P.**

By_s/ William P. Hefner____________________

Larry D. Espel, Reg. No. 27595
William P. Hefner, Reg. No. 258349
200 S. Sixth Street, Suite 1200
Minneapolis, MN 55402
(612) 373-0830

**CHILTON YAMBERT PORTER & YOUNG, LLP**
Larry J. Chilton, IL Reg. No. 6185236
Joseph Vallort, IL Reg. No. 6209211
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 460-8000

Attorneys for Defendant Ashland Inc.