Form ... Lease No. 3158-M

THIS AGREEMENT, made and entered into as of the 26th day of May, 19 58, by and between MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILROAD COMPANY, hereinafter called "Lessor," and ROCKET PRODUCTS COMPANY of Minneapolis, State of Minnesota, hereinafter called "Lessee," WITNESSETH:

(1) The Lessor, in consideration of the payments, covenants and conditions hereinafter set forth, to be made, performed and complied with by the Lessee, hereby leases to the Lessee those certain premises, situated in the City of Minneapolis, County of Hennepin, State of Minnesota, described as follows:

That part of the Lessor's Shoreham Yard property in the SE¼ SE¼ of Section 2-29-24W, bounded and described as follows: on the Easterly side by the Westerly line of Central Avenue; on the Westerly side by a line running parallel with and 8.5 feet distant Easterly (measured at right angles) from the center line of the Lessor's track #166 and its Southerly extension and on the Southerly and Northerly sides by two lines running parallel with and respectively 30 feet and 395 feet distant Northerly (measured at right angles) from the Southerly line of said Section 2; said premises being shown outlined in red and yellow on the map attached hereto, marked "Exhibit A" and made a part hereof - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

; excepting and reserving all driveways now or hereafter laid out across said premises to provide access to other industries located on the Lessor's property;

TO HAVE AND TO HOLD, for the term of one year from the date hereof, and thereafter from year to year, subject, however, to termination at any time as hereinafter provided.

(2) All buildings and improvements of the dimensions and capacity specified in the application for this lease, including all necessary machinery and appliances, shall be constructed and installed in a manner satisfactory to the Lessor, within one hundred and twenty days from the date hereof, and the premises shall then be continuously and exclusively occupied and used by the Lessee during the term of this lease as a site for such buildings and improvements and for the conduct upon the premises in an active and substantial way of a chemical blending plant and office business, or such other kind of business as may be approved by the Lessor.

(3) The Lessee during the term of this lease shall pay the Lessor Two Hundred Ninety-seven and No/100 Dollars ($ 297.00) per annum, payable annually in advance, as rental for the leased premises, subject to increase as provided in paragraph (4) hereof.

(4) The Lessee, in addition to said rent shall pay all taxes, assessments, license fees or other charges (except assessments or taxes for permanent street improvements other than crosswalks) which may be levied or assessed by any state, municipal, county or federal authority against the whole or any part of the leased premises, including all improvements located thereon, or against the business conducted upon the premises. In case of levies or assessments covering a year of which only a part is included in the term of this agreement, they shall be prorated accordingly. If any such assessments or taxes for permanent street improvements, other than crosswalks, shall be levied or assessed or become payable against the leased premises during the term of this agreement, the annual rental hereunder shall be increased by an amount equal to six per cent (6%) of such assessments or taxes, or the proportionate part thereof, properly chargeable to the leased premises. Such taxes, assessments, license fees or other charges shall be paid in every instance as soon as they are due or payable. The Lessee shall furnish the Lessor with duplicate tax receipts, and promptly reimburse the Lessor for any taxes, assessments, license fees or other charges which may be paid by the Lessor.

(5) The Lessee shall not place or permit any material, structure, equipment, pole, beam, cable, wire or other obstruction, nearer than eight (8) feet six (6) inches horizontally (measured at right angles) from the center line of any railway track now or hereafter located upon or adjacent to the leased premises, or nearer than twenty-five (25) feet vertically measured from the top of the rail; nor permit any excavation to be made or remain nearer than eight (8) feet six (6) inches horizontally from the center line of any such track.

(6) The Lessee shall, during the term of this lease, fully protect the leased premises from all mechanics' and materialmen's liens accruing by reason of the construction, maintenance, repair, replacement or renewal of any buildings or improvements of the Lessee located upon the leased premises, or the use or occupancy thereof by the Lessee.

(7) The Lessee shall at all times keep all sidewalks abutting on the leased premises and vacant property adjacent thereto reserved for clearance purposes, free from snow, ice, refuse or obstructions, and indemnify the Lessor against all penalties, fines, claims, demands, suits, judgments, costs and expenses in any manner arising from or growing out of the Lessee's failure to do so.

(8) The Lessee shall not permit any advertisements or signs upon the leased premises other than advertisements or signs relating strictly to the business which is being conducted thereon.

(9) The Lessee shall not permit the existence of any nuisance upon the leased premises or permit them to be used for any purpose other than as herein authorized; shall at all times keep them in proper, clean, safe and sanitary condition, and free from brush, vegetation and accumulations of waste materials which may create a fire hazard; and shall at all times strictly comply with the requirements of all federal, state and municipal regulations, ordinances and laws, and the orders of any duly constituted public authority, now or hereafter in effect, in any way governing or regulating occupancy or use of the leased premises by the Lessee, and at the Lessee's sole expense make all improvements, alterations, repairs or additions, and install all appliances, required by any such regulations, ordinances or laws.

(10) A. It is understood and agreed that the movement of railroad locomotives, trains or cars and the work incident to the maintenance of the right of way and track in close proximity to the leased premises involves some risk of damage to structures and property thereon by fire, vibration and smoke. The Lessee shall assume all liability for, and release and indemnify the Lessor from and against, any and all damages to structures, including their appurtenances, equipment and appliances, located upon the leased premises, or any other property located thereon, regardless of whether or not caused by the negligence of the Lessor, arising from fire, vibration or smoke caused by or resulting from the operation by the Lessor of locomotives, trains or cars or the conduct by the Lessor of railroad maintenance in the vicinity of the leased premises, or from any other cause, except to the premises of the Lessor and to rolling stock belonging to the Lessor or to others and to shipments in course of transportation.

B. The Lessee hereby releases the Lessor from, and agrees to indemnify it against, all loss, damage or injury caused by or resulting from any act or omission by the Lessee, its employees and agents, to the person or property of the parties hereto and their employees and agents, and to the person or property of any other person, firm or corporation, while on or about the leased premises; and if any claim or liability, other than from fire, vibration or smoke, shall arise from the joint or concurring negligence of both parties hereto or their employees or agents, it shall be borne equally by the parties hereto.

C. The Lessor shall have the full benefit of any insurance effected by the Lessee so far as may be necessary to protect the Lessor against any liability specified in subsections A and B of this section, and all such insurance policies shall have attached thereto the so-called railway subrogation rider, wherein the insurer waives its right of recovery against railway companies.

(11) A. The Lessee shall not dispose of or remove any buildings or improvements located upon the leased premises, without first paying all rent, taxes, assessments, license fees or other charges which may be due hereunder, or without first obtaining the written consent of the Lessor.

B. When any rent, taxes, assessments, license fees or other charges payable hereunder are past due, the Lessor shall have and is hereby granted a lien therefor upon the buildings and improvements of the Lessee located upon the leased premises, including appliances, and upon thirty (30) days' written notice to the Lessee may take possession of and sell the same and apply the proceeds against such past due indebtedness.

(12) If the Lessee shall at any time fail to perform or comply with any of the terms, covenants or conditions of this lease, and such default continues for a period of ten (10) days after written notice thereof by the Lessor to the Lessee, then the Lessor may declare this lease at an end, and forthwith re-enter and take absolute possession of the leased premises.

(13) This lease shall be subject to termination at any time by either party hereto upon thirty (30) days' written notice to the other. When so terminated, the Lessor shall make proportionate refund to the Lessee of rental that shall have been paid in advance, after deduction of any amounts payable by the Lessee hereunder.

(14) If required by the Lessor to do so upon termination of this lease for any reason, the Lessee shall promptly remove all of the Lessee's buildings, improvements and property then located upon the leased premises, fill up all excavations that may have been made, and surrender complete possession of the premises to the Lessor in a condition satisfactory to the Lessor. Should the Lessee fail to make such removal or restoration, the Lessor, at its election, may either remove the Lessee's buildings, improvements and property and restore the leased premises to substantially their former state, at the sole expense of the Lessee, or may retain the Lessee's buildings, improvements and property as the Lessor's sole property.

(15) Any notice of termination or other notice given by the Lessor hereunder, shall be good if served upon the Lessee, or if deposited in a United States post office, registered mail, addressed to the Lessee at the last known address of the Lessee.

SLR016443

**EXHIBIT 1**

(16) This lease shall not be assigned or in any manner transferred by the Lessee, voluntarily or involuntarily, by operation of law or otherwise, or the leased premises or buildings thereon sublet, used or occupied for the conduct of any business by any third person or corporation, or for any purpose other than herein authorized, without the written consent of the Lessor. Subject thereto, this lease shall inure to the benefit of, and be binding upon, the heirs, executors, administrators, successors and assigns of the respective parties.

(17) This lease and all provisions thereof shall be subject to revision at any time if made necessary by any order or finding of the Interstate Commerce Commission or state authorities having jurisdiction.

(18) The Lessee agrees that artificial lighting in pump houses, warehouses, or other enclosure where oil or other inflammable fluid supplies are handled or stored, except when in unbroken original containers, shall be by electricity, and this electrical installation and any other electrical installation on such premises shall conform to and be maintained in accordance with the "National Electrical Code," Article 32, and in accordance with the recommendations for such locations as embodied in the National Electrical Safety Code, and also in accordance with requirements of any local ordinance or State or Federal Laws which may be in effect during the terms of this lease.

(19) Rates and services being equal, the lessee agrees that it will route all shipments of freight to or from the premises over the lessor's own and affiliated lines.

**(20) The Lessee shall install, maintain and operate all of its equipment on the leased premises in strict accordance with National Bureau of Fire Underwriters pamphlet #30 and subsequent revisions.**

**(21) That part of the leased premises shown outlined in yellow on said Exhibit A shall not be used for the storage or blending of chemicals but shall be used for an office and storage of equipment only.**

IN WITNESS WHEREOF, the parties hereto have caused this lease to be duly executed, as of the day and year first above written.

L. L. Hanson
In Presence of as to Lessor

MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILROAD COMPANY

By [signature]
Industrial & Real Estate Commissioner

[signature]
In Presence of as to Lessee

ROCKET PRODUCTS COMPANY (Lessee)

By J. Robert Nygren
Secretary

NOTICE—This lease shall not be assigned by the Lessee without first obtaining the written consent of the Lessor. If assignment is approved a charge of One Dollar will be made for changing record and making a new lease. Assignment will not be approved until all taxes due are paid, together with any delinquent rent. Any unearned rental will be credited to new Lessee, unless the Lessor is otherwise instructed.

**ASSIGNMENT**

For a valuable consideration, the Lessee named in the within lease, hereby sells, assigns and transfers all rights under the terms of the said lease unto.............................. of..............

.............. Dated..............................

..............................
Lessee.

**ASSIGNEE'S ACCEPTANCE**

The undersigned hereby accepts the foregoing assignment and assumes each and all of the obligations of the Lessee contained in the within lease and agrees to sign a new lease containing similar terms and conditions.

Dated.............................. ..............................
Assignee.

Lease No.______

LEASE

TO

at______ Station

Not Assignable Without Consent


30TH AVE. N.E.
29TH AVE. N.E.
CENTRAL AVE.
DIESEL HOUSE
VAGEL COAL & FUEL CO
WASTE RECLAIMING PLANT
T.29 N. R.24 W.
395'
85'
"EXHIBIT A"
MINNEAPOLIS, MINN.
Scale: 1" = 100'