Designation: E 1527 – 00

# Standard Practice for Environmental Site Assessments: Phase I Environmental Site Assessment Process[1]

This standard is issued under the fixed designation E 1527; the number immediately following the designation indicates the year of original adoption or, in the case of revision, the year of last revision. A number in parentheses indicates the year of last reapproval. A superscript epsilon (ε) indicates an editorial change since the last revision or reapproval.

## 1. Scope

1.1 *Purpose*—The purpose of this practice, as well as Practice E 1528, is to define good commercial and customary practice in the United States of America for conducting an *environmental site assessment*[2] of a parcel of *commercial real estate* with respect to the range of contaminants within the scope of Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) and *petroleum products*. As such, this practice is intended to permit a *user* to satisfy one of the requirements to qualify for the *innocent landowner defense* to CERCLA liability: that is, the practices that constitute "all appropriate inquiry into the previous ownership and uses of the property consistent with good commercial or customary practice" as defined in 42 USC § 9601(35)(B). (See Appendix X1 for an outline of CERCLA's liability and defense provisions.) An evaluation of *business environmental risk* associated with a parcel of commercial real estate may necessitate investigation beyond that identified in this practice (see Sections 1.3 and 12).

1.1.1 *Recognized Environmental Conditions*—In defining a standard of good commercial and customary practice for conducting an *environmental site assessment* of a parcel of *property*, the goal of the processes established by this practice is to identify *recognized environmental conditions*. The term *recognized environmental conditions* means the presence or likely presence of any *hazardous substances* or *petroleum products* on a *property* under conditions that indicate an existing release, a past release, or a material threat of a release of any *hazardous substances* or *petroleum products* into structures on the *property* or into the ground, ground water, or surface water of the *property*. The term includes *hazardous substances* or *petroleum products* even under conditions in compliance with laws. The term is not intended to include *de minimis* conditions that generally do not present a material risk of harm to public health or the environment and that generally would not be the subject of an enforcement action if brought to the attention of appropriate governmental agencies. Conditions determined to be *de minimis* are not *recognized environmental conditions*.

1.1.2 *Two Related Practices*—This practice is closely related to Practice E 1528. Both are *environmental site assessments* for *commercial real estate*. See 4.3.

1.1.3 *Petroleum Products*—*Petroleum products* are included within the scope of both practices because they are of concern with respect to many parcels of *commercial real estate* and current custom and usage is to include an inquiry into the presence of *petroleum products* when doing an *environmental site assessment* of *commercial real estate*. Inclusion of *petroleum products* within the scope of this practice and Practice E 1528 is not based upon the applicability, if any, of CERCLA to *petroleum products*. (See Appendix X1 for discussion of *petroleum exclusion* to CERCLA liability.)

1.1.4 *CERCLA Requirements Other Than Appropriate Inquiry*—This practice does not address whether requirements in addition to *appropriate inquiry* have been met in order to qualify for CERCLA's *innocent landowner defense* (for example, the duties specified in 42 USC § 9607(b)(3)(a) and (b) and cited in Appendix X1).

1.1.5 *Other Federal, State, and Local Environmental Laws*—This practice does not address requirements of any state or local laws or of any federal laws other than the appropriate inquiry provisions of CERCLA's *innocent landowner defense*. *Users* are cautioned that federal, state, and local laws may impose environmental assessment obligations that are beyond the scope of this practice. *Users* should also be aware that there are likely to be other legal obligations with regard to *hazardous substances* or *petroleum products* discovered on *property* that are not addressed in this practice and that may pose risks of civil and/or criminal sanctions for non-compliance.

1.1.6 *Documentation*—The scope of this practice includes research and reporting requirements that support the user's ability to qualify for the *innocent landowner defense*. As such, sufficient documentation of all sources, records, and resources utilized in conducting the inquiry required by this practice must be provided in the written report (refer to 7.1.8 and 11.2).

1.2 *Objectives*—Objectives guiding the development of this practice and Practice E 1528 are (1) to synthesize and put in writing good commercial and customary practice for *environmental site assessments* for *commercial real estate*, (2) to

---

[1] This practice is under the jurisdiction of ASTM Committee E-50 on Environmental Assessment and is the direct responsibility of Subcommittee E50.02 on Commercial Real Estate Transactions.

Current edition approved May 10, 2000. Published July 2000. Originally published as E 1527 – 93. Last previous edition E 1527 – 97.

[2] All definitions, descriptions of terms, and acronyms are defined in Section3. Whenever terms defined in 3.2 or described in 3.3 are used in this practice, they are in *italics*.

Copyright © ASTM, 100 Barr Harbor Drive, West Conshohocken, PA 19428-2959, United States.



EXHIBIT 67