UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Soo Line Railroad Company,<br>a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>Ashland Inc.,<br>a Kentucky corporation,<br>and Murphy Oil USA, Inc.,<br>f/k/a Murphy Corporation,<br>a Delaware corporation,<br><br>Defendants. | Case No. CV 01-1628 ADM/AJB<br><br>**SUMMARY OF "PIERRINGER RELEASE" OF ASHLAND INC.** |

WHEREAS, the above-captioned action was commenced by Soo Line Railroad Company ("Soo Line") against Ashland Inc. ("Ashland") and Murphy Oil USA, Inc. ("Murphy") in September 2001;

WHEREAS, Ashland and Murphy denied the claims of Soo Line, asserted certain affirmative defenses and counterclaims against Soo Line, and asserted and denied certain cross-claims against each other;

WHEREAS, Soo Line denied the counterclaims of Ashland and Murphy and asserted certain affirmative defenses to each of them;

WHEREAS, Soo Line and Ashland have, without any admission of liability or fault whatsoever, and for a variety of reasons, including a preference to invest in response actions in lieu of continued litigation, fully compromised and settled, pursuant to a confidential Settlement Agreement dated August 9, 2005, which incorporates a Pierringer Release, all claims asserted against each other in this action, without prejudice to Soo Line's right to continue to pursue and to recover on the claims it has asserted against Murphy;

WHEREAS, under the Settlement Agreement, Ashland paid Soo Line a Settlement Sum in partial payment of the response costs Soo Line has incurred addressing environmental matters other than those relating to the Murphy lease area;

WHEREAS, the Settlement Agreement does not address petroleum- and/or hazardous substance-related vadose zone soil contamination at the former Murphy lease area, except with respect to those contaminants which may be physically removed from the former Murphy lease area by the implementation of the *Interim Response Action Plan for the Former Ashland/Rocket Lease Area, East Side, Shoreham Facility (VIC Program Site ID VP5080 and The Petroleum Brownfields Program -- Leak Site No. 11600)*, dated May 2005 ("IRAP"), which was approved by the Minnesota Pollution Control Agency, with modification, on August 23, 2005;

WHEREAS, the Settlement Agreement does not address or include light non-aqueous phase liquids ("LNAPL") composed of hazardous substances and/or petroleum compounds released during Murphy's operations at its former lease area, with Murphy still being potentially liable for up to (1) 100% of all LNAPL (a) located below its lease area, (b) located east of the northern half of its lease area (beneath Central Avenue and east), and/or (c) located east of the southern half of the lease area (beneath Central Avenue and east) if the cleanup is petroleum-driven, and (2) 50% of all LNAPL located east of the southern half of its lease area (beneath Central Avenue and east) if the cleanup is common contaminant-driven; and

WHEREAS, the Settlement Agreement does not address or include groundwater contaminated with petroleum compounds and/or hazardous substances released during Murphy's operations at its former lease area, with Murphy still being potentially liable for up to (1) 100% of all groundwater contamination (a) located beneath its lease area and north of 30th street and/or (b) located south of 30th Street beneath its lease area and east if the cleanup is petroleum-driven, and (2) 50% of all groundwater contamination if located south of 30th Street beneath its lease area and east if the cleanup is common contaminant-driven;

NOW, THEREFORE, in consideration of the terms and conditions of the Settlement Agreement entered into by and between Soo Line and Ashland, and to further implement the Pierringer Release contained therein, the parties summarize the pertinent provisions of their Settlement Agreement as follows:

1. It is understood and agreed that the Settlement Agreement shall not be construed as an admission of any liability or fault whatsoever, and that Ashland expressly denies any liability of fault.

2. The Settlement Agreement includes a Pierringer Release, and it expressly preserves Soo Line's right to pursue and to recover on the claims it has asserted against Murphy in this action.

3. Consistent with the Pierringer Release, Soo Line and Ashland exchanged mutual releases relating to claims and/or losses arising from the contamination which is the subject of the action and any matters, events, transactions, or circumstances referred to in each Parties' pleadings, but Soo Line's release of Ashland was expressly limited to Ashland's share or percentage portion of fault or liability, and Soo Line expressly reserved the balance of its causes of action, specifically including the claims asserted against Murphy in this action.

4. Consistent with the Pierringer Release, Soo Line expressly reserved the right to pursue third-party claims arising out of or relating to the contamination which is the subject of the action, including claims against Murphy.

5. Consistent with the Pierringer Release, Ashland assigned to Soo Line all of its rights and causes of action to secure recovery of response costs and other losses from any third party, including Murphy.

6. Consistent with the Pierringer Release, Soo Line expressly agreed to indemnify Ashland and to hold it harmless with respect to any claim for contribution or indemnity that may be asserted by Murphy against Ashland as a result of Soo Line's continuing litigation against Murphy.

7. Consistent with the Pierringer Release, Soo Line did not discharge any person or party other than Ashland from liability to Soo Line for the losses and damages it has sustained as a result of the matters, events, transactions, or circumstances alleged in this action, and neither the payment of the Settlement Sum nor Ashland's obligations under the Settlement Agreement to undertake certain response actions at and near the Shoreham Facility amount to full compensation for the losses and damages sustained by Soo Line, except as to such fraction, portion, percentage, or part (however denominated), if any, as may be adjudged to be attributable solely to Ashland, and Soo Line expressly reserved the remainder of its causes of action against all other persons and parties, specifically including the claims asserted against Murphy in this action.

8. In further support and explication of paragraphs 1-7 above, and pursuant to Magistrate Judge Boylan's request, the pertinent sections of the Settlement Agreement are extracted verbatim and attached hereto as Exhibit 1. This limited disclosure of the Pierringer-related paragraphs 1-7 and summary of other pertinent terms is not intended by the parties to serve as a waiver of the confidentiality provisions set forth in the Settlement Agreement.

9. The provisions of the Settlement Agreement, as reflected in the sections attached as Exhibit 1, are intended to operate as a Pierringer Release.

10. Soo Line agrees to execute, at the conclusion of this action, a partial satisfaction of any judgment or award that may be rendered in its favor against Murphy, satisfying such fraction, portion, percentage, or part (however denominated), if any, of such judgment or award as may be adjudged to be attributable to the causal fault of Ashland.

Dated: September 30, 2005

**LEONARD, STREET AND DEINARD**

*s/Ilsley Daniel Colton*
James G. Bullard (#123249)
Ilsley Daniel Colton (#223116)
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500

**ATTORNEYS FOR PLAINTIFF SOO LINE RAILROAD COMPANY**

Dated: September 16, 2005

**GREENE ESPEL, P.L.L.P.**

*s/William P. Hefner*
Larry D. Espel, Reg. No. 27595
William P. Hefner, Reg. No. 258349
200 S. Sixth Street, Suite 1200
Minneapolis, MN 55402
(612) 373-0830

and

**CHILTON YAMBERT PORTER & YOUNG, LLP**
Larry J. Chilton, IL Reg. No. 6185236
Joseph Vallort, IL Reg. No. 6209211
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 460-8000

**ATTORNEYS FOR DEFENDANT ASHLAND INC.**

**EXHIBIT 1**
**To Summary of "Pierringer Release" of Ashland Inc.**

**Select Provisions (Verbatim) from the Soo Line & Ashland Settlement Agreement Dated August 9, 2005**

## ARTICLE 19. THIRD-PARTY RESERVED CLAIMS

19.3 Claims Against Third Parties.

To the extent not inconsistent with paragraph 20.4 below (Pierringer Release), either Party may prosecute claims against Third Parties for recovery of all, or any part of, Costs of Work it incurs or may incur. If either Party seeks to prosecute such claims against one or more Third Parties, then that Party shall offer the other Party an opportunity to participate in such prosecution (except for claims against insurance carriers under paragraph 19.2), with costs and recoveries to be shared on an equitable basis consistent with the terms of this Agreement. If one Party declines to participate, then the other may proceed with such claims at its own expense and may retain 100% of any recovery. If both Parties participate in the prosecution and sharing of costs, then both Parties shall have the right to approve any settlement of claims, lawsuits, or other proceedings brought against Third Parties, but a Party who refuses to participate in the prosecution of a claim or the sharing of costs under this paragraph shall not have such a right of approval under this paragraph.

19.4 Assignment of Claims.

To the extent not inconsistent with paragraph 20.4 (Pierringer Release), Ashland hereby agrees to assign to Soo Line all of its rights and causes of action to secure recovery from any Third Party (including Murphy) for Costs of Work Soo Line incurs associated with Operable Units 2, 3, 4, Soo Line Work in OU7, and 8, including rights under MERLA to seek to the extent possible cost recovery from the environmental response, compensation and compliance account or other programs administered by the State of Minnesota or the MPCA. [Remaining text redacted.]

## ARTICLE 20. RELEASES

20.1 Soo Line's Release of Ashland.

Upon payment of the Settlement Sum and except as reserved or limited in this Agreement, Soo Line does hereby forego, release, and forever discharge the Ashland Releasees, and each and all of them, jointly and severally, of and from any and all actions, grounds for complaint, causes of action, suits, guarantees of indebtedness, suretyships, debts, liens, contracts, agreements, damages to personal or real property, promises, liabilities, claims, demands, damages, losses, costs, expenses, defenses, set-offs, or recoupments, of any nature whatsoever, known or unknown to Soo Line (regardless of diligence), fixed or contingent, and whether sounding in tort or contract or otherwise, or

arising under any Environmental Law, which Soo Line now has or may hereafter acquire against any of the Ashland Releasees relating to (a) Contamination and (b) any of the other matters, events, transactions, or circumstances referred to in the Parties' pleadings in the Litigation. Notwithstanding the foregoing, nothing in this paragraph shall constitute a release by Soo Line of any Reserved Claim or of its right to enforce this Agreement in accordance with its terms.

20.2 Ashland's Release of Soo Line.

Except as reserved or limited in this Agreement, Ashland does hereby forego, release, and forever discharge the Soo Line Releasees, and each and all of them, jointly and severally, of and from any and all actions, grounds for complaint, causes of action, suits, guarantees of indebtedness, suretyships, debts, liens, contracts, agreements, damages to personal or real property, promises, liabilities, claims, demands, damages, losses, costs, expenses, defenses, set-offs, or recoupments, of any nature whatsoever, known or unknown to Ashland (regardless of diligence), fixed or contingent, and whether sounding in tort or contract or otherwise, or arising under any Environmental Law, which Ashland now has or may hereafter acquire against any of the Soo Line Releasees relating to (a) Contamination and (b) any of the other matters, events, transactions, or circumstances referred to in the Parties' pleadings in the Litigation. Notwithstanding the foregoing, nothing in this paragraph shall constitute a release by Ashland of any Reserved Clam or of its right to enforce this Agreement in accordance with its terms.

20.3 Scope of Release and Waiver Regarding Unknown Claims.

The claims released in paragraphs 20.1 and 20.2 shall include, without limitation, any and all unknown claims regarding (a) Contamination and (b) any of the other matters, events, transactions, or circumstances referred to in the Parties' pleadings in the Litigation, including any and all claims for fraudulent inducement of this Agreement. Each of the Parties hereby waives any and all rights that it may have under any and all statutes or laws that purport to restrict or limit the release of unknown claims.

20.4 Pierringer Release.

20.4.1 It is expressly understood and agreed that the Settlement Sum received by Soo Line from Ashland, and Ashland's obligations to perform Work under this Agreement, only partially satisfy the total amount of damages and liabilities allegedly sustained and costs allegedly incurred by Soo Line or at issue in the Litigation. It is further understood and agreed that the foregoing release of the Ashland Releasees only covers, and is limited to, the share or percentage portion of causal fault or liability for which the Ashland Releasees may be responsible, and is a discharge of the Ashland Releasees only to the extent of their causal fault or liability.

20.4.2 It is expressly understood and agreed that this Agreement does not release or discharge any non-settling Third Parties who may bear a liability to Soo Line for costs and damages, including but not limited to, Murphy. Soo Line expressly reserves any and all claims against any and all non-settling Third Parties (including, but not limited to,

Murphy), subject only to a reduction of any judgment, verdict, or formal cost allocation against such Third Parties (including, but not limited to, Murphy) equal to a pro rata share which may be found attributable to Ashland's causal fault or liability, which may be more, the same, or less than the consideration given by Ashland pursuant to this Agreement. It is further expressly understood and agreed that the scope of the release and discharge of the Ashland Releasees hereunder is intended to be, and should be construed as being, in conformance with and having the same effect as the limited releases given in the cases of Pierringer v. Hoger, 21 Wisc.2d 192, 124 N.W.2d 106 (1963), and Frey v. Snelgrove, 269 N.W.2d 918 (Minn. 1978).

20.4.3 Soo Line specifically agrees to indemnify and hold harmless the Ashland Releasees from any and all claims for contribution or indemnity, brought by any Third Party (including, but not limited to, Murphy) as a result of Soo Line's continuing claims or efforts to recover additional damages or costs with respect to VIC Site 5080, whether such Third Party claims for contribution or indemnity are alleged to arise by reason of judgment, settlement, reallocation, or otherwise. By this Agreement, the Ashland Releasees are discharged from their liability, if any, for contribution or indemnity with respect to such claims for damages, response costs, or other expenses, and the claims of Soo Line are satisfied to the extent of that percentage of its total claim for damages, response costs, or other expenses which shall hereafter, by further trial or other disposition of this or any other cause of action, be determined to be the percentage of responsibility, if any, for which Ashland or any of the Ashland Releasees are liable.

20.4.4 Ashland agrees to provide to Soo Line reasonable cooperation in Soo Line's efforts to pursue additional claims against Third Parties for damages sustained and costs incurred with respect to VIC Site 5080, including producing records pertaining to Ashland's activities at and involvement with the Facility and foundation witnesses with respect to those records. Soo Line agrees to pay Ashland for all actual and reasonable out-of-pocket expenses, which Ashland may incur with respect to such cooperation.